**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

SI03, INC.,                                )
                                           )
    Plaintiff,                        )
                                           )    Civil Action No:  1:25-cv-00103-ACL
    v.                                )
                                           )    Jury Trial Demanded
THE MBP COMPANY, LLC                       )
    d/b/a MARRON FOODS,               )
                                           )
    Defendant.                        )

## FIRST AMENDED COMPLAINT

SI03, Inc. ("SI03") hereby brings this First Amended Complaint against The MBP Company, LLC d/b/a Marron Foods ("Marron") for breach of contract and breach of warranty, and alleges as follows:

### PARTIES

1.      SI03 is a Delaware corporation with its principal place of business at 3849 Business Park Place, Cape Girardeau, MO  63701.

2.      Marron is a Wisconsin limited liability company.

3.      Upon information and belief, the sole member of Marron is Matthew Pearson, an individual who resides in the State of New York.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 insofar as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5.      This Court has personal jurisdiction over Marron pursuant to a binding forum selection clause agreed to by Marron as part of the parties' contract that is at issue in this matter.

1

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

## FACTS

7.      SI03 issued its Purchase Order No. 1062 ("PO 1062") to Marron on February 11, 2025, for the agglomeration of 35,000 pounds of whey protein concentrate with soy lecithin.

8.      SI03's PO 1062 included specifications relating to the agglomeration work to be performed by Marron, including specifications for mixability, moisture content, and amount of scorched particles of the finished agglomerated whey protein concentrate.

9.      Pursuant to its terms, PO 1062 is governed by SI03's Purchasing Terms & Conditions ("SI03 T & C"), which SI03 delivered to Marron with PO 1062.

10.      Paragraph 1 of the SI03 T & C directs that PO 1062 "constitutes an offer to buy goods or services according to the description and other terms set forth on its face and reverse side. No additional or different terms offered by [Marron] shall be or become part of this order and any such terms are hereby rejected.  This purchase order shall not be modified without the express written approval of [SI03]."

11.      Pursuant to Paragraph 3 of the SI03 T & C, Marron "warrant[ed] that all goods and services covered by [PO 1062] will be furnished in strict accordance with the provisions of [PO 1062], the specifications furnished by [SI03], and standards, laws, rules and regulations relating to such goods or services; and shall be free from defects in design, material and workmanship.  The foregoing and all other express and implied warranties that may apply to the goods and services furnished hereunder shall be deemed conditions of this purchase order."

12.      Pursuant to Paragraph 4 of the SI03 T & C, "[u]pon delivery, [SI03]  may inspect any goods received pursuant to [PO 1062].  Goods or services which are nonconforming shall, at

2

[SI03's] option, be replaced at [Marron's] sole expense, and any replacement goods shall be subject to all terms and conditions set forth herein."

13.     Pursuant to Paragraph 16 of the SI03 T & C, Marron "warrant[ed] that the goods and/or services furnished hereunder shall be in compliance with all applicable federal, state and local laws and regulations supplementary thereto and [Marron] will indemnify and hold harmless [SI03] against any costs, liability or losses arising out of [Marron's] non-compliance."

14.     Paragraph 16 of the SI03 T & C further directs that "[t]his Agreement shall be governed and construed in accordance with the laws of the State of Missouri without regard to its conflict of laws provisions.  The parties agree that all actions and proceedings in conjunction herewith shall be brought only in the state or federal courts within the Eastern District of Missouri."

15.     Marron accepted PO 1062, thereby forming a contract between the parties, the terms of which are stated in PO 1062, which includes the SI03 T & C.

16.     Pursuant to the parties' contract, SI03 shipped to Marron 35,000 pounds of whey protein concentrate.

17.     Marron agglomerated the whey protein concentrate with soy lecithin and shipped the agglomerated whey protein concentrate to SI03.

18.     SI03 inspected the agglomerated whey protein concentrate by performing, *inter alia*, nutritional and moisture testing; organoleptic testing; physical inspection; and mixability testing.

19.     SI03's inspection showed that the agglomerated whey protein concentrate received from Marron exhibited, *inter alia*, lack of mixability; out-of-specification moisture content; and an excessive amount of scorched particles.

20.    SI03 sent samples of the agglomerated whey protein to two independent analytical testing laboratories for moisture content testing.

21.    Both analytical testing laboratories confirmed that samples of the agglomerated whey protein concentrate exhibited moisture content that exceeded SI03's moisture-content specification.

22.    The agglomerated whey protein concentrate delivered by Marron to SI03 cannot be used by SI03.

23.    SI03 sent an email to Marron's representative on May 7, 2025, summarizing the problems that SI03 had identified in the agglomerated whey protein concentrate that Marron had delivered pursuant to PO 1062 and attaching relevant documentation.

24.    SI03 requested, in the May 7, 2025, email that Marron accept return of the agglomerated whey protein concentrate and, pursuant to Paragraph 4 of the SI03 T & C, replace it with 35,000 pounds of agglomerated whey protein concentrate that complied with the parties' contract, including SI03's specifications.

25.    Marron has refused SI03's request.

26.    SI03 has been damaged by Marron's wrongful conduct at least insofar as SI03 has been forced to replace the 35,000 pounds of whey protein concentrate ruined by Marron and has been forced to have replacement whey protein concentrate agglomerated by another vendor.

27.    Additionally, SI03 has been forced into a back-order condition with respect to the final products that SI03 intended to manufacture using the agglomerated whey protein concentrate that Marron was required to deliver, which has caused SI03 to lose sales and negatively affected SI03's reputation.

## COUNT I

### BREACH OF CONTRACT

28.     SI03 incorporates herein by reference the allegations set forth in paragraphs 1-27.

29.     SI03 and Marron entered into a contract, the terms of which are set forth in SI03's PO 1062, which includes SI03's T & C and SI03's specifications.

30.     SI03 performed all obligations required of it pursuant to the parties' contract.

31.     Marron breached the parties' contract by failing to properly agglomerate with soy lecithin the 35,000 pounds of whey protein concentrate that SI03 supplied to Marron, thereby causing the finished product to exceed allowable moisture content levels; be unmixable; and contain an excessive, out-of-specification amount of scorched particles.

32.     SI03 has been damaged as a result of Marron's breaches of the parties' contract.

## COUNT II

### BREACH OF WARRANTY

33.     SI03 incorporates herein by reference the allegations set forth in paragraphs 1-27.

34.     Marron provided services to SI03 pursuant to warranties set forth in the parties' contract.

35.     SI03 would not have entered into the parties' contract but for the warranties provided by Marron as part of the parties' contract.

36.     Marron's wrongful conduct as set forth herein and in other ways not yet determined constitutes a breach of the warranties set forth in the parties' contract.

37.     SI03 notified Marron of its breaches of warranty in a timely fashion and requested Marron to take appropriate corrective action pursuant to the terms of the parties' contract, and Marron refused to do so.

38.    Marron's breaches of the warranties in the parties' contract have damaged SI03 in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, SI03 prays for judgment against Marron as follows:

a.    That Marron be found to have breached the contract between SI03 and Marron;

b.    That SI03 be awarded its damages resulting from Marron's breaches of the parties' contract in an amount to be determined at trial, including without limitation (i) SI03's costs for replacement whey protein concentrate and agglomeration services; and (ii) SI03's lost profits and losses associated with the negative effects to SI03's reputation caused by Marron's wrongful conduct;

c.    That SI03 be awarded its costs;

d.    That Marron be ordered to pay pre- and post-judgment interest; and

e.    That the Court award such further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

SI03 hereby demands a trial by jury on all issues properly triable by jury.

Dated:  October 14, 2025                           Respectfully submitted,

/s/Kevin J. O'Shea
Kevin J. O'Shea #70436MO
OShea Law LLC
1744 Ridge Road
Jackson, MO  63755
Phone:  (573) 388-2296
Email:  koshea@oshealawllc.com

Counsel for Plaintiff SI03, Inc.

6