# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI

SI03, INC.,                              )
                                         )
    Plaintiff,                           )
                                         )          Civil Action No:  1:25-cv-00103-SNLJ
    v.                                   )
                                         )          Jury Trial Demanded
THE MBP COMPANY, LLC                     )
    d/b/a MARRON FOODS,                  )
                                         )
    Defendant.                           )

### PLAINTIFF SI03, INC.'S RESPONSES TO
### DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff SI03, Inc. ("SI03") and submits the following Responses to Defendant The MBP Company, LLC d/b/a Marron Foods' ("Defendant") First Set of Interrogatories.

### GENERAL OBJECTIONS

1.      SI03 objects to all of Defendant's Interrogatories to the extent they seek information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege that has not been waived.

2.      SI03 objects to Defendant's Definitions and Instructions to the extent that they purport to impose upon SI03 duties and requirements beyond those imposed by the Federal Rules of Civil Procedure.  SI03 specifically objects to Defendant's definitions of "You," "Your," "SI03," and "Plaintiff" as "SI03, Inc., as well as its owners, employees, agents, representatives, attorneys, and any other person or entity acting on their behalf." This definition is overly broad, unduly burdensome, and not proportional to the needs of

1

**EXHIBIT**

**1**

the case.  SI03 also objects to this definition on the grounds that it purports to include individuals and entities beyond SI03 who are irrelevant and outside the scope of the case, and purports to impose a burden on SI03 to obtain information from third parties outside of its control.  Except where expressly indicated, the Responses below are provided on behalf of SI03 only, and any representation that "SI03" is providing or will provide a substantive Response and/or produce responsive documents refers only to information in the files of SI03.

<u>**RESPONSES TO INTERROGATORIES**</u>

1. Identify all persons with knowledge of the facts alleged in your Complaint, including their contact information and the subject matter of their knowledge.

**RESPONSE:** Subject to its General Objections, SI03 responds that the persons who SI03 presently believes have knowledge of the facts alleged in SI03's Complaint, their contact information, and the subject matter of their knowledge, is set forth in Section A of SI03's Initial Disclosures.

2. Identify all persons who participated in the preparation of your responses to these Interrogatories, including their roles and the information they provided.

**RESPONSE:** Subject to its General Objections, SI03 responds that Derek Cornelius and Mary Hampton assisted counsel in the preparation of SI03's Responses to Defendant's Interrogatories.  Their roles and the information they provided are protected by the attorney-client privilege and work product doctrine and, therefore, SI03 will not provide that information.

3. Identify each and every term of the agreement between SI03 and Marron Foods relating to Purchase Order No. 1062 and/or Purchase Order No. 1064.

2

For every term identified, identify any Document and/or Communication that you contend reflects those term(s).

**RESPONSE:** Subject to its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production No. 6, specifically SI03's Purchase Order No. 1062 and SI03's Purchase Order No. 1064 and documents associated therewith, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03. Accordingly, SI03 directs Defendant to those documents. *See* Fed. R. Civ. P. 33(d).

4. State in detail the factual basis for Your contention that Marron Foods breached any term of the agreement between Marron Foods and SI03 as alleged in Your Complaint, including by identifying the specific acts or omissions by Marron Foods that you allege constitute each breach and each term of the agreement so breached.

**RESPONSE:** SI03 objects to this Interrogatory insofar as the demand that SI03 "[s]tate in detail the factual basis" is vague, overbroad, and seeks information disproportionate to the needs of this matter. Moreover, this phrase is unbounded in its scope and seeks information beyond the claims and defenses in this case. Furthermore, it is not clear what "factual basis" is targeted by this Interrogatory, and simply demanding that SI03 "[s]tate in detail" an unspecified category of information renders this Interrogatory impermissibly vague and overbroad. Additionally, SI03 objects to this Interrogatory as premature to the extent it seeks information that is properly the subject of expert analysis. SI03 intends to submit expert reports in this matter and, if it does, will comply with the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's Case Management Order, and

3

any other applicable statutes and rules.  Subject to the foregoing and its General Objections, SI03 responds that, pursuant to SI03's Purchase Order No. 1062, SI03 shipped to Marron approximately 35,000 pounds of whey protein concentrate.  Marron agglomerated the whey protein concentrate with soy lecithin and shipped the agglomerated whey protein concentrate to SI03.  SI03 inspected the agglomerated whey protein concentrate by performing, *inter alia*, nutritional and moisture testing; organoleptic testing; physical inspection; and mixability testing.  Those tests showed that the agglomerated whey protein concentrate received from Marron exhibited lack of mixability; out-of-specification moisture content; and an excessive amount of scorched particles.  SI03 also sent samples of the agglomerated whey protein to two independent analytical testing laboratories for moisture content testing.  Both analytical testing laboratories confirmed that samples of the agglomerated whey protein concentrate exhibited moisture content that exceeded SI03's moisture-content specification.  Additional responsive information can be found in the May 7, 2025, email from Derek Cornelius to Defendant's employees Dan Pearson and Kyle Thomas, which is being produced in response to Defendant's Request for Production Nos. 3 & 4.  Additionally, pursuant to SI03's Purchase Order No. 1064, SI03 shipped to Marron approximately 42,000 pounds of milk protein concentrate.  Marron agglomerated the milk protein concentrate and shipped the agglomerated milk protein concentrate to SI03.  SI03 inspected the agglomerated milk protein concentrate by performing, *inter alia*, moisture testing.  SI03's inspection showed that the agglomerated milk protein concentrate received from Marron exhibited a moisture content significantly greater than five percent (5%).  The high moisture content of the agglomerated milk protein concentrate indicates that an

4

inappropriately high amount of the milk protein concentrate that SI03 delivered to Marron for agglomeration pursuant to the 1064 Contract was lost during Marron's agglomeration process. SI03 has requested in written discovery information regarding Defendant's agglomeration of the whey protein concentrate and milk protein concentrate. (*See, e.g.*, SI03's Requests for Production Nos. 2-8.) Defendant has refused and/or failed to produce responsive documents. (*See, e.g.*, Defendant's Responses to SI03's Requests for Production Nos. 2-8.) Accordingly, SI03 is not presently able to determine the specific actions of Defendant that caused its multiple breaches of the parties' contracts.

> 5. Identify and explain in detail each alleged nonconformity of the Agglomerated Product and how you contend it was caused by Marron Foods. In your response, identify every way in which you contend Marron Foods "ruined" the Raw Product, as alleged at paragraph 26 of Your Complaint, the specific actions or inactions of Marron Foods causing the Raw Product to become ruined, and what SI03 contends that Marron Foods should have done differently to comply with the agreement.

**RESPONSE:** SI03 objects to this Interrogatory insofar as the demand that SI03 "[i]dentify and explain in detail" is vague, overbroad, and seeks information disproportionate to the needs of this matter. Moreover, this phrase is unbounded in its scope and seeks information beyond the claims and defenses in this case. Additionally, SI03 objects to this Interrogatory as premature to the extent it seeks information that is properly the subject of expert analysis. SI03 intends to submit expert reports in this matter and, if it does, will comply with the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's Case Management Order, and any other applicable statutes and rules. Subject to the foregoing and its General Objections, SI03 responds that the whey protein concentrate that Marron agglomerated pursuant to SI03's Purchase Order No. 1062 exhibited lack of mixability;

5

out-of-specification moisture content; and an excessive amount of scorched particles. Additional responsive information can be found in the May 7, 2025, email from Derek Cornelius to Defendant's employees Dan Pearson and Kyle Thomas, which is being produced in response to Defendant's Request for Production Nos. 3 & 4. Accordingly, the whey protein concentrate could not be used by SI03. Additionally, the milk protein concentrate that Defendant agglomerated pursuant to SI03's Purchase Order No. 1064 exhibited a moisture content significantly greater than five percent (5%). Accordingly, SI03 could not use the milk protein concentrate. SI03 has requested in written discovery information regarding Defendant's agglomeration of the whey protein concentrate and milk protein concentrate. (*See, e.g.*, SI03's Requests for Production Nos. 2-8.) Defendant has refused and/or failed to produce responsive documents. (*See, e.g.*, Defendant's Responses to SI03's Requests for Production Nos. 2-8.) Accordingly, SI03 is not presently able to specify what Defendant should have done differently to comply with the agreement, other than to say that Defendant should have agglomerated the materials in a manner that would meet the specifications set forth in the parties' contracts.

6. Identify every objective manifestation of consent supporting Your contention that Marron Foods agreed to be bound by the Terms and Conditions addressed in your Complaint at paragraphs 9-15, 24, 32-33, 42, and 53 in rendering agglomeration services for SI03.

**RESPONSE:** Subject to its General Objections, SI03 responds that Defendant accepted SI03's Purchase Order No. 1062 and SI03's Purchase Order No. 1064, each of which included SI03's Purchasing Terms & Conditions.

7. Identify each third party with whom You communicated regarding the Raw Product, Agglomerated Product, Purchase Order No. 1062, and/or Purchase

6

Order No. 1064. For each person or entity with whom SI03 communicated, please identify any organization/entity with whom that person is associated, the date of the Communication(s), and the subject matter(s) of the Communication.

**RESPONSE:** Subject to its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production Nos. 3-5, 7, 8, and 14, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03. Accordingly, SI03 directs Defendant to those documents. *See* Fed. R. Civ. P. 33(d).

8. Identify all Testing performed by You or any other person or entity of which You are aware on the Raw Product or Agglomerated Product, including the date(s) of Testing, method of Testing, results of Testing, and persons involved in the Testing.

**RESPONSE:** Subject to its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production Nos. 4 & 5, including without limitation the May 7, 2025, email from Derek Cornelius to Defendant's employees Dan Pearson and Kyle Thomas detailing the initial results of SI03's investigation, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03. Accordingly, SI03 directs Defendant to those documents. *See* Fed. R. Civ. P. 33(d).

9. Identify all Communications between You and Marron Foods alleging any nonconformity or defect in the Agglomerated Product, Purchase Order No. 1062, and/or Purchase Order No. 1064.

7

**RESPONSE:**  SI03 objects to this Interrogatory as overly burdensome insofar as it literally demands that SI03 search for and identify documents that are, according to the Interrogatory, in Defendant's possession, custody or control.   Subject to its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production Nos. 3 & 7, including without limitation SI03's Purchase Order No. 1062, SI03's Purchase Order No. 1064, and the May 7, 2025, email from Derek Cornelius to Defendant's employees Dan Pearson and Kyle Thomas detailing the initial results of SI03's investigation, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03. Accordingly, SI03 directs Defendant to those documents.  *See* Fed. R. Civ. P. 33(d).

10. State the total amount of damages You claim in this action, including a breakdown of each category of damages, the method of calculation, and all Documents supporting your calculation.

**RESPONSE:**   SI03 objects to this Interrogatory as premature to the extent it seeks information that is properly the subject of expert analysis.  SI03 intends to submit expert reports regarding the calculation and amount of SI03's damages, and will comply with the Federal Rules of Civil Procedure, the Local Rules of the Court, the Court's Case Management Order, and any other applicable statutes and rules relating to such reports. SI03 further objects to this Interrogatory as overly broad and unduly burdensome because it demands that SI03 "[s]tate … all Documents supporting [SI03's] calculation."  This is a violation of Fed. R. Civ. P. 26(b)(1) because the Request is not proportional to the needs of this case.   Subject to the foregoing and its General Objections, SI03 responds that

8

responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production Nos. 10-12, 15, 16, and 19, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03. Accordingly, SI03 directs Defendant to those documents. *See* Fed. R. Civ. P. 33(d).

11. Describe in detail all steps You took to mitigate any alleged damages sought in Your Complaint.

**RESPONSE:** SI03 objects to this Interrogatory insofar as the demand that SI03 "[d]escribe in detail all steps" is vague, overbroad, and seeks information disproportionate to the needs of this matter. Moreover, this phrase is unbounded in its scope and seeks information beyond the claims and defenses in this case. Subject to the foregoing and its General Objections, SI03 responds that it purchased whey protein concentrate, and contracted with a third party to agglomerate that whey protein concentrate, to replace the whey protein concentrate damaged by Defendant. SI03 further responds that it reformulated certain of its final products manufactured using the agglomerated milk protein concentrate delivered by Defendant.

12. Identify and describe in detail each of Your intended use(s) of the Agglomerated Product, including descriptions of the desired end product(s) by product type and brand name, the volume or quantity of such product(s) that you contend could be produced from the Agglomerated Product, the steps for manufacturing each product, and every reason why the Agglomerated Product could not be used to manufacture each end product identified.

**RESPONSE:** SI03 objects to this Interrogatory insofar as the demand that SI03 "[i]dentify and describe in detail" is vague, overbroad, and seeks information disproportionate to the

needs of this matter.  Moreover, this phrase is unbounded in its scope and seeks information beyond the claims and defenses in this case.  Subject to the foregoing and its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production No. 19, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03. Accordingly, SI03 directs Defendant to those documents.  *See* Fed. R. Civ. P. 33(d).

13.    Identify every communication between You and Marron Foods in which You notified Marron Foods of any of the information responsive to the preceding Interrogatory No. 12.

**RESPONSE:**  SI03 objects to this Interrogatory insofar as it assumes that Defendant ever requested such information.  SI03 further objects to this Interrogatory as a violation of Fed. R. Civ. P. 26(b)(1) because it is overly burdensome insofar as it literally demands that SI03 "[i]dentify" communications that are in Defendant's possession, custody, or control. Subject to the foregoing and its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production Nos. 3-5, 7, 8, and 14, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03.  Accordingly, SI03 directs Defendant to those documents.  *See* Fed. R. Civ. P. 33(d).

14.    Identify every instance in which You obtained replacement whey protein concentrate or milk protein concentrate, or incurred expenses to agglomerate replacement protein concentrate or reformulate the Agglomerated Product, as alleged in Your Complaint at paragraphs 24, 26, 39, and in the prayer for relief.  For each transaction, identify the supplier of product or service, the

10

type of product or service acquired, the amount of product acquired or service obtained (e.g., volume of product obtained or agglomerated), the date(s) on which the acquisition or service occurred, the price per pound and total payment made by SI03, and the actual end use of product or intended end use if it has not yet occurred, including by identifying any customers to whom the end product was intended to be sold.

**RESPONSE:** SI03 objects to this Interrogatory as containing multiple subparts in an effort to avoid the limit on interrogatories agreed to by the parties and reflected in the Court's Case Management Order. Subject to the foregoing and its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production Nos. 10-12, 15, 16, and 19, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03. Accordingly, SI03 directs Defendant to those documents. *See* Fed. R. Civ. P. 33(d).

15. Identify and describe in detail all reputational harm, lost sales, or back-order conditions You allege resulted from Marron Foods' conduct relating to Purchase Order No. 1062 or Purchase Order No. 1064, including the factual basis for such allegations and all supporting Documents.

**RESPONSE:** SI03 objects to this Interrogatory as containing multiple subparts in an effort to avoid the limit on interrogatories agreed to by the parties and reflected in the Court's Case Management Order. SI03 further objects to this Interrogatory insofar as the demand that SI03 "[i]dentify and describe in detail" is vague, overbroad, and seeks information disproportionate to the needs of this matter. Moreover, this phrase is unbounded in its scope and seeks information beyond the claims and defenses in this case. Subject to the foregoing and its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in

11

response to Defendant's Requests for Production Nos. 10-12, 15, 16, and 19, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03.  Accordingly, SI03 directs Defendant to those documents.  *See* Fed. R. Civ. P. 33(d).

> 16.   Identify all payments made by You to Marron Foods relating to Purchase Order No. 1062 and Purchase Order 1064, including the date, amount, method of payment, and the purpose of each payment.

**RESPONSE:**  SI03 objects to this Interrogatory as a violation of Fed. R. Civ. P. 26(b)(1) because it is overly burdensome insofar as it literally demands that SI03 search for and "[i]dentify" documents that are, according to the Interrogatory, in Defendant's possession, custody or control.  Subject to the foregoing and its General Objections, SI03 responds that responsive, non-privileged information may be derived or ascertained from SI03's business records produced in response to Defendant's Requests for Production No. 13, and the burden of deriving or ascertaining such detailed information from these business records is substantially the same for Defendant as it is for SI03.  Accordingly, SI03 directs Defendant to those documents.  *See* Fed. R. Civ. P. 33(d).

> 17.   State whether You contend that the Purchase Order No. 1062 and Purchase Order 1064 constitute fully integrated agreements, as that phrase is used under the applicable law. To the extent you respond affirmatively, please explain in detail the basis for that contention under the applicable law.

**RESPONSE:**  SI03 objects to this Interrogatory as a violation of Rule 26(b)(1) because the phrase "under the applicable law" is vague and undefined.  SI03 further objects to this Interrogatory as seeking a legal conclusion.  Subject to the foregoing and its General Objections, SI03 responds that the contract formed when Defendant accepted SI03's

12

Purchase Order No. 1062, which included SI03's Purchasing Terms & Conditions, is a fully integrated contract.  SI03 further responds that the contract formed when Defendant accepted SI03's Purchase Order No. 1064, which included SI03's Purchasing Terms & Conditions, is a fully integrated contract.

18.     Identify and describe in detail the chain of custody of the Agglomerated Product from the time it left the possession, custody, or control of Marron Foods through the present, including each instance in which the Agglomerated Product was handled, stored, transported, repackaged, relabeled, sampled, tested, transferred, returned, destroyed, or otherwise dispositioned.

**RESPONSE:** SI03 objects to this Interrogatory insofar as the demand that SI03 "[i]dentify and describe in detail" is vague, overbroad, and seeks information disproportionate to the needs of this matter.  Moreover, this phrase is unbounded in its scope and seeks information beyond the claims and defenses in this case.  Subject to the foregoing and its General Objections, SI03 responds that the whey protein concentrate agglomerated by Defendant and the milk protein concentrate agglomerated by Defendant were shipped from Defendant's premises to SI03's humidity- and temperature-controlled food grade warehouse, where it remains to this day.  None of either product was repackaged, relabeled, transferred, returned, destroyed (except in connection with testing), or otherwise dispositioned.

Dated:  February 25, 2026

Respectfully submitted,

/s/Kevin J. O'Shea
Kevin J. O'Shea
OShea Law LLC
1744 Ridge Road
Jackson, MO  63755
Phone:  (573) 388-2296
koshea@oshealawllc.com

*Counsel for Plaintiff SI03, Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2026, I served upon counsel for Defendant via email the foregoing Plaintiff's Responses to Defendant's First Set of Interrogatories as follows:

Aaron Chickos (aaron.chickos@huschblackwell.com)
Zach Hollstrom (zach.hollstrom@huschblackwell.com)

/s/ Kevin J. O'Shea
Kevin J. O'Shea

## VERIFICATION

On this 25th day of February, 2026, before me personally appeared Derek Cornelius, to me known, and who being first duly sworn by me did state that the facts set forth in the foregoing Responses to Defendant's First Set of Interrogatories are true and correct to the best of his knowledge, information and belief.

_____
Derek Cornelius

IN TESTIMONY WHEREOF, I have set my hand and affixed my official seal on the day and year first written above.

_____
Donna Thurman

Notary Public

DONNA J THURMAN
Notary Public, Notary Seal
State of Missouri
Scott County
Commission # 19491225
My Commission Expires 09-24-2028

16