# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SI03, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No:  1:25-cv-00103-SNLJ |
| v. | ) | |
| | ) | |
| THE MBP COMPANY, LLC | ) | |
|    d/b/a MARRON FOODS, | ) | |
| | ) | |
| *Defendant*. | ) | |

### THE MBP COMPANY, LLC D/B/A MARRON FOODS'
### FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO SI03, INC.

Defendant and Counterclaimant The MBP Company, LLC d/b/a Marron Foods, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby requests that Plaintiff and Counterclaim Defendant SI03, Inc. produce and permit Defendant to inspect and copy or cause to be copied the documents and items specified below. SI03, Inc. shall make such production no later than 30 days of the service of these Requests for Production to the law offices of Husch Blackwell LLP, c/o Aaron Chickos, 8001 Forsyth Blvd., Suite 1500, St. Louis, Missouri, 63105, aaron.chickos@huschblackwell.com or such other place as shall be mutually agreed upon by the parties.

### DEFINITIONS

1.    "Defendant" and "Marron Foods" refers to The MBP Company, LLC d/b/a Marron Foods, as well as its owners, employees, agents, representatives, attorneys, and any other person or entity acting on their behalf.

1

EXHIBIT
2

2. "You," "Your," "SI03," and "Plaintiff" refers to SI03, Inc., as well as its owners, employees, agents, representatives, attorneys, and any other person or entity acting on their behalf.

3. "This lawsuit" or "the lawsuit" refers to the litigation captioned *SI03, Inc. v. The MBP Company, LLC d/b/a Marron Foods*, Case No. 1:25-cv-00103-SNLJ pending in the United States District Court for the Eastern District of Missouri.

4. "Complaint" refers to the Second Amended Complaint filed in the lawsuit captioned *SI03, Inc. v. The MBP Company, LLC d/b/a Marron Foods*, Case No. 1:25-cv-00103-SNLJ pending in the United States District Court for the Eastern District of Missouri, as well as any subsequent or amended complaint that Plaintiff may file in the same lawsuit.

5. "Person" means any individual, corporation, partnership, or other entity.

6. "Document" or "Documents" should be interpreted in the broadest possible manner and includes any written, printed, typed, photocopied, photographic, electronic, stenographic or recorded matter of any kind or character, however produced or reproduced, whether prepared by you or otherwise, including but not limited to all notes; drafts; diaries; calendars; correspondence; communications; emails; text messages; iMessages; social media communications posts and updates; audio and video recordings; instant messages; voicemails; letters; faxes; communications; memoranda; reports; manuals; guidelines; rules; instructions; lists; forms; files; notebooks; computer print outs; computer records; and information stored in any data processing or word processing system. In addition, the term "document" includes any document in your possession, custody, or control, including but not limited to any document that other persons or entities possess of which you are aware.

2

"Document" also includes electronically stored documents, data, and communications from which information can be obtained either directly or by translation through detection devices or readers, including but not limited to electronic mail and including but not limited to electronic mail that has been deleted and/or purged but is recoverable through reasonable effort; any such document is to be produced in a reasonably legible and useable form, and the underlying electronic document, database or storage device or vehicle is also to be made available for inspection and copying.  "Document" also includes the original (or a copy thereof if the original is not available) and all non-identical copies or versions that differ in any respect from the original, including but not limited to any notation, underlining, highlighting, marking, handwriting, or other information not on the original.

7.      "Communication" refers to any oral or written or electronic transmittal of information, opinion, belief, idea, or statement, whether made in person, by telephone, electronic mail, voicemail, text message, mail, and similar social media websites, regardless of those websites' privacy settings, or any other means.

8.      "Expert witness" means any person whose testimony may be presented under Federal Rule of Evidence 702.

9.      "Raw Product" means the approximately 35,000 pounds of whey protein concentrate related to Purchase Order No. 1062 and the approximately 42,000 pounds of milk protein concentrate related to Purchase Order No. 1064 shipped to Marron Foods for agglomeration services which are the subject of Your Complaint and the Counterclaims. Unless the context requires otherwise, Raw Product refers to the protein concentrate at issue

3

in both purchase orders. For each interrogatory that uses this term, please respond separately for the Raw Product associated with each of the Purchase Order Nos. 1062 and 1064.

10. "Agglomerated Product" means post-agglomeration materials that were agglomerated by Marron Foods using the Raw Product, as that term is defined above, delivered to SI03. Unless the context requires otherwise, Agglomerated Product refers to the agglomerated protein concentrate at issue in both purchase orders. For each interrogatory that uses this term, please respond separately for the Agglomerated Product associated with each of the Purchase Order Nos. 1062 and 1064.

11. For purposes of these requests, the phrase "Purchase Order No. 1062" should be interpreted consistently with the same meaning of the phrase as used in Your Complaint.

12. For purposes of these requests, the phrase "Purchase Order No. 1064" should be interpreted consistently with the same meaning of the phrase as used in Your Complaint.

13. "Specifications" means the qualities, properties, and/or condition of the Raw Product or Agglomerated Product including but not limited to mixability, dispersion, moisture content, and scorched particles.

14. "Test," "Testing," and "Tested" means any tests, examinations, laboratory analyses, assessments, inspections, evaluations, studies, or investigations, and documents evidencing such processes, including inspection records, reports, and/or certificates of analysis, performed in any manner by SI03, Marron Foods, and/or any third party to determine the Specifications of Agglomerated Product and/or Raw Product.

15. "Relate to", "relates to", "regarding" and other variations of the same or similar phrases means referring to, alluding to, describing, supporting, demonstrating,

4

contradicting, rebutting, undermining, disputing, discussing, concerning, arising out of, or touching upon the matter in inquiry.

16.    The term "and" and the term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request for Production any information that might otherwise be construed to be outside its scope.

## GENERAL INSTRUCTIONS

1.    Documents produced in response to these discovery requests should be identified by reference to the specific discovery request to which they respond.

2.    In the event SI03 produces originals for inspection and copying, such production shall be as the documents are kept in the usual course of business.

3.    Documents copied shall be copied as they are kept in the normal course of business, and any titles, labels, or other descriptions on any box, folder, binder, file cabinet, or other container shall be copied as well. Documents originating in paper format should be scanned as images at the time of copying, with optical character recognition ("OCR"). Scanned images shall be produced in the same format as electronically stored information, as set forth below.

4.    Electronically stored information shall be produced in a reasonably useable form, including specifically any ability to search or perform calculations with the information in the form it is maintained by plaintiff.

5.    If You object to any request, state the reason for Your objection and produce all Documents to the extent the request is not objectionable.

5

6.      A detailed log of documents withheld from production because of any privilege or other immunity from discovery shall be provided. For each document, the log should specify: (a) the general nature of the document; (b) the name and job title of the document's author; (c) the date the document was composed or the date appearing on the document; (d) the name and job title of all addressees and others who received a copy of the document; and (e) the basis, privilege, or other immunity asserted upon which the document was withheld.

7.      Please note that under the Federal Rules of Civil Procedure, discovery requests are continuing in nature. If You determine that a response or production previously given is in any way incomplete or incorrect, Rule 26(e)(1) requires You to amend that response and/or produce additional materials. If any such supplemental information or documentation is not furnished, Plaintiff may move to exclude from evidence such information or documentation or for other relief, including sanctions, provided for by law.

8.      In the event that any Document responsive to the following Requests for Production has been destroyed or otherwise disposed of, that Document is to be identified by author, addressee, date, subject matter, number of pages, attachments or appendices, any persons to whom it was distributed, shown or explained, date and manner of destruction or other disposition, the reason for destruction or disposition, and persons destroying or disposing of the Document.

9.      With respect to the Documents requested, these Requests for Production seek production of all Documents described, in their entirety, along with any attachments, drafts,

and non-identical copies.  If any part of a Document is responsive to any of the following Requests for Production, the entire Document shall be produced.

10.    Questions regarding interpretation of these discovery requests should be resolved in favor of the broadest possible construction.

11.    In responding to the following Requests for Production, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

12.    Non-identical copies of the same Document (*e.g.*, with notes in the margins, etc.) constitute separate Documents and must be produced.

## REQUESTS FOR PRODUCTION

1.    All Documents identified, referenced, or relied upon in Your responses to Defendant's Interrogatories.

2.    All Documents that support, refute, or relate to any allegation in Your Complaint, any defense or counterclaim asserted by Marron Foods, and/or any defense asserted by SI03 in response to any counterclaim.

3.    All Documents and Communications relating to Purchase Order No. 1062, Purchase Order No. 1064, the Raw Product, and/or the Agglomerated Product.

4.    All Documents relating to or evidencing the Testing of Raw Product or Agglomerated Product, including the documents evidencing the Testing described in paragraphs 18-21, 30-31, and 36 of Your Complaint.

5.    All Communications with any laboratory or other third party regarding any Testing of the Raw Product or Agglomerated Product, or the Specifications of the Raw

7

Product or Agglomerated Product.

6. Documents evidencing every term of the agreement you contend governed the parties' rights and obligations in relation to Purchase Order No. 1062 and/or Purchase Order No. 1064.

7. All Communications between SI03 and Marron Foods regarding the Raw Product, Agglomerated Product, Purchase Order No. 1062, and/or Purchase Order No. 1064.

8. All Communications between SI03 and representatives from any freight, trucking, or shipping company regarding shipment, delivery, or pick-up of the Raw Product and/or Agglomerated Product from or to any location.

9. All Documents evidencing any steps You took to mitigate any damages that SI03 seeks to recover in Your Complaint, including but not limited to selling the Agglomerated Product, using it for a different purpose than originally intended, or reformulating or correcting the alleged defects.

10. All Documents supporting, refuting, or relating to the amount of damages You claim in this action.

11. Documents evidencing the SI03's procurement costs of any whey protein concentrate, milk protein concentrate, raw materials or services relating to reformulation of the Agglomerated Product, agglomeration services performed on any protein concentrate that you contend replaced the Agglomerated Product, shipping, or other expenses that SI03 contends it was caused to incur as a result of the breaches alleged in Your Complaint, including at paragraphs 26 and 39, as well as your prayer for relief.

12. Documents sufficient to evidence any reputational harm, lost sales, or back-

order conditions that You allege were caused by Marron Foods.

13.    Documents sufficient to evidence any payments made by You to Marron Foods relating to Purchase Order No. 1062 and Purchase Order No. 1064.

14.    All Communications between SI03 and the entity or entities that supplied the Raw Product relating to the Raw Product or Agglomerated Product.

15.    Documents sufficient to evidence SI03's alleged lost profits, including the identity of potential customers, volume of lost sales, lost sales pricing, and marginal cost to produce the product.

16.    Documents and financial records sufficient to evidence SI03's profit margin since January 1, 2020 as it relates to the type(s) of product(s) that Your Complaint alleges SI03 was unable to produce as a result of the alleged breaches identified in Your Complaint.

17.    Documents sufficient to evidence the roles and responsibilities of SI03 employees or representatives (including individuals or entities associated with Idyllic Enterprises, LLC, including Mary Hampton, Derek Cornelius, and Xiaowei Chen) involved in any way with the allegations in Your Complaint or Amended Answer and Counterclaims.

18.    Documents sufficient to evidence the corporate structure of SI03 and its affiliates or associated entities, like Idyllic Enterprises, LLC, including the nature of the relationship between those entities.

19.    Documents sufficient to evidence the intended end use of the Agglomerated Product, including descriptions of the final product(s), brand names, the manufacturing process(es), and required ingredient list(s).

Dated: January 26, 2026          Respectfully submitted,

**HUSCH BLACKWELL LLP**

By:  */s/ Aaron Chickos*
      Aaron Chickos (62072 MO)
      Zachary A. Hollstrom (75607 MO)
      8001 Forsyth Blvd., Suite 1500
      St. Louis, MO  63105
      Phone:    314-480-1500
      Facsimile: 314-480-1505
      aaron.chickos@huschblackwell.com
      zach.hollstrom@huschblackwell.com

***Attorneys for The MBP Company, LLC***

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2026, The MBP Company, LLC

d/b/a Marron Foods' Rule 26(a)(1) First Set of Requests for Production Directed to SI03, Inc.

were served via electronic mail on the following parties:

Kevin J. O'Shea
OShea Law LLC
1744 Ridge Road
Jackson, MO  63755
Phone:  (573) 388-2296
Email:  koshea@oshealawllc.com

***Counsel for Plaintiff SI03, Inc.***

/s/  Aaron Chickos
                Aaron Chickos

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| SI03, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No:  1:25-cv-00103-SNLJ |
| v. | ) | |
| | ) | |
| THE MBP COMPANY, LLC | ) | |
| d/b/a MARRON FOODS, | ) | |
| | ) | |
| *Defendant.* | ) | |

**THE MBP COMPANY, LLC D/B/A MARRON FOODS'
SECOND SET OF REQUESTS FOR PRODUCTION DIRECTED TO SI03, INC.**

Defendant and Counterclaimant The MBP Company, LLC d/b/a Marron Foods, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby requests that Plaintiff and Counterclaim Defendant SI03, Inc. produce and permit Defendant to inspect and copy or cause to be copied the documents and items specified below. SI03, Inc. shall make such production no later than 30 days of the service of these Requests for Production to the law offices of Husch Blackwell LLP, c/o Aaron Chickos, 8001 Forsyth Blvd., Suite 1500, St. Louis, Missouri, 63105, aaron.chickos@huschblackwell.com or such other place as shall be mutually agreed upon by the parties.

**DEFINITIONS**

1.      "Defendant" and "Marron Foods" refers to The MBP Company, LLC d/b/a Marron Foods, as well as its owners, employees, agents, representatives, attorneys, and any other person or entity acting on their behalf.

1

2.     "You," "Your," "SI03," and "Plaintiff" refers to SI03, Inc., as well as its owners, employees, agents, representatives, attorneys, and any other person or entity acting on their behalf.

3.     "This lawsuit" or "the lawsuit" refers to the litigation captioned *SI03, Inc. v. The MBP Company, LLC d/b/a Marron Foods*, Case No. 1:25-cv-00103-SNLJ pending in the United States District Court for the Eastern District of Missouri.

4.     "Complaint" refers to the Second Amended Complaint filed in the lawsuit captioned *SI03, Inc. v. The MBP Company, LLC d/b/a Marron Foods*, Case No. 1:25-cv-00103-SNLJ pending in the United States District Court for the Eastern District of Missouri, as well as any subsequent or amended complaint that Plaintiff may file in the same lawsuit.

5.     "Person" means any individual, corporation, partnership, or other entity.

6.     "Document" or "Documents" should be interpreted in the broadest possible manner and includes any written, printed, typed, photocopied, photographic, electronic, stenographic or recorded matter of any kind or character, however produced or reproduced, whether prepared by you or otherwise, including but not limited to all notes; drafts; diaries; calendars; correspondence; communications; emails; text messages; iMessages; social media communications posts and updates; audio and video recordings; instant messages; voicemails; letters; faxes; communications; memoranda; reports; manuals; guidelines; rules; instructions; lists; forms; files; notebooks; computer print outs; computer records; and information stored in any data processing or word processing system. In addition, the term "document" includes any document in your possession, custody, or control, including but not limited to any document that other persons or entities possess of which you are aware.

2

"Document" also includes electronically stored documents, data, and communications from which information can be obtained either directly or by translation through detection devices or readers, including but not limited to electronic mail and including but not limited to electronic mail that has been deleted and/or purged but is recoverable through reasonable effort; any such document is to be produced in a reasonably legible and useable form, and the underlying electronic document, database or storage device or vehicle is also to be made available for inspection and copying. "Document" also includes the original (or a copy thereof if the original is not available) and all non-identical copies or versions that differ in any respect from the original, including but not limited to any notation, underlining, highlighting, marking, handwriting, or other information not on the original.

7.    "Communication" refers to any oral or written or electronic transmittal of information, opinion, belief, idea, or statement, whether made in person, by telephone, electronic mail, voicemail, text message, mail, and similar social media websites, regardless of those websites' privacy settings, or any other means.

8.    "Expert witness" means any person whose testimony may be presented under Federal Rule of Evidence 702.

9.    "Raw Product" means the approximately 35,000 pounds of whey protein concentrate related to Purchase Order No. 1062 and the approximately 42,000 pounds of milk protein concentrate related to Purchase Order No. 1064 shipped to Marron Foods for agglomeration services which are the subject of Your Complaint and the Counterclaims. Unless the context requires otherwise, Raw Product refers to the protein concentrate at issue

3

in both purchase orders. For each interrogatory that uses this term, please respond separately for the Raw Product associated with each of the Purchase Order Nos. 1062 and 1064.

10.     "Agglomerated Product" means post-agglomeration materials that were agglomerated by Marron Foods using the Raw Product, as that term is defined above, delivered to SI03.  Unless the context requires otherwise, Agglomerated Product refers to the agglomerated protein concentrate at issue in both purchase orders. For each interrogatory that uses this term, please respond separately for the Agglomerated Product associated with each of the Purchase Order Nos. 1062 and 1064.

11.     For purposes of these requests, the phrase "Purchase Order No. 1062" should be interpreted consistently with the same meaning of the phrase as used in Your Complaint.

12.     For purposes of these requests, the phrase "Purchase Order No. 1064" should be interpreted consistently with the same meaning of the phrase as used in Your Complaint.

13.     "Specifications" means the qualities, properties, and/or condition of the Raw Product or Agglomerated Product including but not limited to mixability, dispersion, moisture content, and scorched particles.

14.     "Test," "Testing," and "Tested" means any tests, examinations, laboratory analyses, assessments, inspections, evaluations, studies, or investigations, and documents evidencing such  processes, including inspection records, reports, and/or certificates of analysis, performed in any manner by SI03, Marron Foods, and/or any third party to determine the Specifications of Agglomerated Product and/or Raw Product.

15.     "Relate to", "relates to", "regarding" and other variations of the same or similar phrases means referring to, alluding to, describing, supporting, demonstrating,

4

contradicting, rebutting, undermining, disputing, discussing, concerning, arising out of, or touching upon the matter in inquiry.

16.     The term "and" and the term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request for Production any information that might otherwise be construed to be outside its scope.

## GENERAL INSTRUCTIONS

1.     Documents produced in response to these discovery requests should be identified by reference to the specific discovery request to which they respond.

2.     In the event SI03 produces originals for inspection and copying, such production shall be as the documents are kept in the usual course of business.

3.     Documents copied shall be copied as they are kept in the normal course of business, and any titles, labels, or other descriptions on any box, folder, binder, file cabinet, or other container shall be copied as well. Documents originating in paper format should be scanned as images at the time of copying, with optical character recognition ("OCR"). Scanned images shall be produced in the same format as electronically stored information, as set forth below.

4.     Electronically stored information shall be produced in a reasonably useable form, including specifically any ability to search or perform calculations with the information in the form it is maintained by plaintiff.

5.     If You object to any request, state the reason for Your objection and produce all Documents to the extent the request is not objectionable.

6. A detailed log of documents withheld from production because of any privilege or other immunity from discovery shall be provided. For each document, the log should specify: (a) the general nature of the document; (b) the name and job title of the document's author; (c) the date the document was composed or the date appearing on the document; (d) the name and job title of all addressees and others who received a copy of the document; and (e) the basis, privilege, or other immunity asserted upon which the document was withheld.

7. Please note that under the Federal Rules of Civil Procedure, discovery requests are continuing in nature. If You determine that a response or production previously given is in any way incomplete or incorrect, Rule 26(e)(1) requires You to amend that response and/or produce additional materials. If any such supplemental information or documentation is not furnished, Plaintiff may move to exclude from evidence such information or documentation or for other relief, including sanctions, provided for by law.

8. In the event that any Document responsive to the following Requests for Production has been destroyed or otherwise disposed of, that Document is to be identified by author, addressee, date, subject matter, number of pages, attachments or appendices, any persons to whom it was distributed, shown or explained, date and manner of destruction or other disposition, the reason for destruction or disposition, and persons destroying or disposing of the Document.

9. With respect to the Documents requested, these Requests for Production seek production of all Documents described, in their entirety, along with any attachments, drafts,

6

and non-identical copies.  If any part of a Document is responsive to any of the following Requests for Production, the entire Document shall be produced.

10.    Questions regarding interpretation of these discovery requests should be resolved in favor of the broadest possible construction.

11.    In responding to the following Requests for Production, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

12.    Non-identical copies of the same Document (*e.g.*, with notes in the margins, etc.) constitute separate Documents and must be produced.

## REQUESTS FOR PRODUCTION

20.    The Agglomerated Product itself, including the right to Test the product.

21.    Pre-shipment samples, lot samples, or representative samples, and the right to Test the samples, of the: (1) Raw Product; and/or (2) Agglomerated Product.

22.    Purchase orders, terms and conditions, representations and warranties, contracts, invoices, bills of lading, wire transfer receipts, shipping records, delivery receipts, and other documents evidencing: (1) Creative Compounds' acquisition of the Raw Product from Saputo; (2) SI03's acquisition of the Raw Product from Creative Compounds; and/or (3) Creative Compounds acquisition of the Agglomerated Product from SI03.

23.    Communications concerning the: (1) Raw Product; and/or (2) Agglomerated Product.

7

24.     Bank statements, account records, wire transfer records, ACH transaction records, canceled checks, deposit slips, and any other documents reflecting payments, transfers, or transactions between SI03 and Creative Compounds.

25.     Communications between Creative Compounds and SI03 or any third parties regarding the Litigation.

26.     SI03's articles of incorporation, bylaws, and all amendments thereto, stock ledgers, stock certificates, stock transfer records, written resolutions and consents, and any agreements relating to the transfer, pledge, or encumbrance of shares of stock, from the date of formation through the present.

Dated: April 21, 2026

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By:  _/s/ Aaron Chickos_
    Aaron Chickos (62072 MO)
    Zachary A. Hollstrom (75607 MO)
    8001 Forsyth Blvd., Suite 1500
    St. Louis, MO  63105
    Phone:    314-480-1500
    Facsimile: 314-480-1505
    aaron.chickos@huschblackwell.com
    zach.hollstrom@huschblackwell.com

*Attorneys for The MBP Company, LLC*

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 21, 2026, The MBP Company, LLC

d/b/a Marron Foods' Rule 26(a)(1) Second Set of Requests for Production Directed to SI03,

Inc. were served via electronic mail on the following parties:

Kevin J. O'Shea
OShea Law LLC
1744 Ridge Road
Jackson, MO  63755
Phone:  (573) 388-2296
Email:  koshea@oshealawllc.com

***Counsel for Plaintiff SI03, Inc.***

*/s/  Aaron Chickos*
Aaron Chickos
