# Exhibit 10

**EXHIBIT 10**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

| | |
|---|---|
| SI03, INC., | ) |
| *Plaintiff* | ) |
| v. | ) |
| THE MBP COMPANY, LLC d/b/a/ MARRON FOODS | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  1:25-cv-00103-SNLJ

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Creative Compounds LLC, C/O Registered Agent: Kevin J. O'Shea, 600 Daughtery Street, Scott City, MO 63780

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Lexitas Court Reporting<br>3095 Lexington Ave., Suite 300,<br>Cape Girardeau, MO 63701 | Date and Time:<br><br>05/08/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/21/2026

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Aaron Chickos |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant The MBP Company, LLC, d/b/a Marron Foods _____ , who issues or requests this subpoena, are:
Aaron Chickos, Husch Blackwell LLP, 8001 Forsyth Blvd., Ste. 1500, St. Louis, MO 63105. 314-480-1500
aaron.chickos@huschblackwell.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-00103-SNLJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SI03, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | )     Case No: 1:25-cv-00103-SNLJ |
|     v. | ) |
| | ) |
| THE MBP COMPANY, LLC | ) |
| d/b/a MARRON FOODS, | ) |
| | ) |
|     Defendant. | ) |

**NOTICE OF SUBPOENA TO CREATIVE COMPOUNDS, LLC**

PLEASE TAKE NOTICE that pursuant to F.R.C.P. 45, the undersigned will serve a subpoena to produce documents on non-party Creative Compounds, LLC. Creative Compounds, LLC will be directed to produce documents detailed in Attachment A of the attached Subpoena by May 8, 2026.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Aaron Chickos*
    Aaron Chickos (62072 MO)
    Zachary A. Hollstrom (75607 MO)
    8001 Forsyth Blvd., Suite 1500
    St. Louis, MO 63105
    Phone:    314-480-1500
    Facsimile: 314-480-1505
    aaron.chickos@huschblackwell.com
    zach.hollstrom@huschblackwell.com

***Attorneys for Defendant The MBP Company,***
***LLC d/b/a Marron Foods***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of April 2026, the foregoing was served by electronic mail on the following:

Kevin J. O'Shea
koshea@oshealawllc.com

*Attorney for Plaintiff*

_/s/ Aaron Chickos_____

## ATTACHMENT A

## DEFINITIONS

1.      "Creative Compounds" means Creative Compounds, LLC, its officers, directors, members, managers, employees, agents, representatives, and any other persons or entities acting or purporting to act on its behalf.

2.      "SI03" means SI03, Inc., its officers, directors, employees, agents, and representatives.

3.      "Marron Foods" means the defendant in the Litigation.

4.      "Saputo" means Saputo Cheese USA, Inc., its officers, directors, employees, agents, and representatives.

5.      "Litigation" means SI03, Inc. v. The MBP Company, LLC d/b/a Marron Foods, Civil Action No. 1:25-cv-00103-SNLJ, pending in the United States District Court for the Eastern District of Missouri.

6.      "Product" means the Whey Protein Concentrate 80 (WPC 80) supplied by Saputo to Creative Compounds pursuant to Purchase Order 4839-3, which was subsequently transferred to SI03 pursuant to Purchase Order 1080 and then shipped to Marron Foods for agglomeration services.

7.      "Specifications" means the qualities, properties, and/or condition of the Raw Product or Agglomerated Product including but not limited to mixability, dispersion, moisture content, and scorched particles.

8.      "Document" or "Documents" shall have the broadest possible meaning under Federal Rule of Civil Procedure 34, including all written, printed, typed, recorded, or graphic matter of any kind, however produced or reproduced, in any medium, including paper and

electronically stored information ("ESI"), such as emails, text messages, instant messages, spreadsheets, databases, photographs, videos, voicemails, and metadata associated therewith.

9.    "Communication" means any transmission of information, including letters, emails, text messages, instant messages, voicemails, and other electronic or written correspondence.

10.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

11.    "You" or "Your" means Saputo Cheese USA, Inc., as defined above.

12.    "Saputo Purchase Order" means Purchase Order 4839-3 or any other purchase order pursuant to which Saputo supplied the Product to Creative Compounds.

13.    "Purchase Order 1080" means the purchase order pursuant to which Creative Compounds supplied the Product to SI03.

## INSTRUCTIONS

1.    These requests call for production of all responsive documents within Your possession, custody, or control, regardless of the physical location of such documents or by whom they are held.

2.    If any document is withheld on the basis of privilege or any other protection, You must provide a privilege log identifying: (a) the nature of the document; (b) the date of the document; (c) the author(s) and recipient(s); (d) the general subject matter; and (e) the basis for the claimed privilege or protection.

3.    If any document has been lost, destroyed, discarded, or is otherwise no longer in Your possession, custody, or control, identify in writing: (a) the nature of the document; (b) the date of the document; (c) the circumstances of its loss, destruction, or unavailability; and (d) the identity of any persons with knowledge of the document.

4.      Each request is to be construed independently and without reference to any other request for purposes of limitation.

5.      These requests are continuing in nature. If, after Your initial production, You discover additional responsive documents, You are required to supplement Your production promptly.

6.      The Litigation involves a protective order governing the handling of confidential documents, which is included for Your convenience with this subpoena.  Your production of documents pursuant to this subpoena must comply with that protective order.

7.      Unless otherwise specified, the relevant time period for all requests is **January 1, 2024 to the present**.

## DOCUMENT REQUESTS

1.      Purchase orders, terms and conditions, representations and warranties, contracts, invoices, bills of lading, wire transfer receipts, shipping records, delivery receipts, and other documents evidencing the supply of Product from Saputo to Creative Compounds.

2.      Certificates of Analysis, lab testing results, inspection records, quality control evaluations, and other documents evidencing the condition, composition, Specifications, and measurable properties of the Product.

3.      Communications between Saputo and Creative Compounds regarding the Product.