UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SI03, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00103-SNLJ |
| | ) | |
| THE MBP COMPANY, LLC | ) | |
| d/b/a Marron Foods, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion for Leave to Withdraw as Counsel filed by plaintiff's counsel on August 7, 2026 [Doc. 54] and defendant's Motion to Vacate Case Management Order Deadlines and for Order to Show Cause [Doc. 58].

Because the law does not permit a corporate defendant to proceed *pro se*, the Court generally will not allow an attorney to withdraw if no other attorney has entered an appearance. *Nelson v. Acorn Stair & Woodwork, Inc.*, 4:15-CV-1200 CAS, 2017 WL 4176435, at *3 (E.D. Mo. Sept. 21, 2017). As a result, the Court will hold the motion to withdraw in abeyance and order the plaintiff to retain substitute counsel by September 28, 2026. Counsel shall provide a copy of this Order to the plaintiff and file a notice of service with the Court.

The Court notes that plaintiff's counsel seeks to withdraw only twenty-four (24) days after entering his appearance on July 14, 2026. *See* [Doc. 43]. This case has been delayed since May 1, 2026 when plaintiff's then counsel filed a motion to

withdraw [Doc. 29], which was granted on July 16, 2026 [Doc. 45]. Plaintiff is warned that failing to retain substitute counsel as ordered by this Court may result in sanctions, including the dismissal of plaintiff's claim for failure to obey a court order and/or failure to prosecute. *See* Fed.R.Civ.P. 41(b). Further, failure to comply with the Court's order may result in a default judgment against plaintiff on defendant's counterclaim. *Regions Bank v. Advanced Carwash Techs., LLC*, 4:12-CV-888 CAS, 2013 WL 12642749, at *1 (E.D. Mo. Apr. 17, 2013) ("Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel.").

Due to delays caused by plaintiff, outstanding discovery issues remain unresolved, and it is no longer feasible for the parties to meet the deadlines set forth in the case management order. As such, defendant's motion to vacate the case management order deadlines [Doc. 58] will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to Withdraw as Counsel filed by plaintiff's counsel [Doc. 54] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that plaintiff shall retain substitute counsel and counsel shall enter an appearance by **<u>September 28, 2026</u>**.

**IT IS FURTHER ORDERED** that the defendant's Motion to Vacate Case Management Order Deadlines and for Order to Show Cause [Doc. 58] is **GRANTED in part** and the deadlines and trial setting set forth in the Case Management Order

[Doc. 28] are **VACATED**. All other requested relief is **DENIED**.

**IT IS FINALLY ORDERED** that plaintiff's counsel shall provide a copy of this Order to the plaintiff and file a notice of service with the Court.

**SO ORDERED** this 27th day of August, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE