**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SI03, INC.,** *Plaintiff,* | ) | |
| **v.** | ) | **Case No. 1:25-cv-00103-SNLJ** |
| **THE MBP COMPANY, LLC d/b/a MARRON FOODS,** *Defendant.* | ) | |

**<u>PLAINTIFF SI03, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS RESPONSE IN OPPOSITION TO MARRON FOODS' MOTION TO COMPEL OUT OF TIME</u>**

**COMES NOW** Plaintiff SI03, Inc. ("SI03") respectfully submits this Reply in support of its Motion for Leave to File its Response to Defendant's Motion to Compel Out of Time. Defendant's Opposition characterizes the missed deadline as an ordinary failure attributable to counsel and urges the Court to treat that circumstance as dispositive. But that characterization overlooks the unusual circumstances surrounding SI03's representation at the time the deadline expired and, more importantly, improperly treats the reason for the delay as dispositive of the excusable-neglect inquiry.

This was not a strategic decision to ignore the Court's deadline, nor was it a prolonged failure to participate in the litigation. The missed deadline occurred during an unusual and documented transition in SI03's representation. Although counsel technically

remained counsel of record while the withdrawal motion was held in abeyance, the representation was plainly in an active transition, and the Court itself subsequently intervened to address that situation. SI03 is a corporate entity that could not simply have an officer or other non-lawyer step in and file a response on its behalf. There is no evidence that SI03 deliberately elected not to respond, sought a tactical advantage from the missed deadline, or intended to abandon its position on Marron's Motion to Compel. Once current counsel entered the case, SI03 sought leave and filed the substantive response that Marron seeks to prevent the Court from considering.

Under Federal Rule of Civil Procedure 6(b)(1)(B) and the Eighth Circuit's application of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the question is whether the circumstances constitute excusable neglect when considered as a whole. They do. Marron has not identified any actual prejudice caused by the filing delay, any evidence of bad faith or tactical conduct, or any substantive impairment of its ability to litigate the discovery dispute. The equities therefore favor permitting SI03's response to be considered so that the Court may resolve the discovery dispute on its merits.

## I. THE CIRCUMSTANCES SURROUNDING THE MISSED DEADLINE SUPPORT A FINDING OF EXCUSABLE NEGLECT.

Rule 6(b)(1)(B) permits a court, for good cause, to extend a deadline after it has expired where the failure to act resulted from excusable neglect. The determination is equitable and requires consideration of all relevant circumstances, including the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the

delay and whether it was within the party's reasonable control, and whether the party acted in good faith. *Pioneer*, 507 U.S. at 395; *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 855–56 (8th Cir. 1999); *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946–48 (8th Cir. 2010). The circumstances here are sufficiently unusual to warrant relief.

Marron filed its Motion to Compel on August 4, 2026. SI03's response was due August 18. At that time, SI03 was in the midst of an objectively unusual transition in its legal representation. Prior counsel had moved to withdraw on May 1, 2026, and the Court granted that motion on July 16, 2026. Another attorney entered an appearance on July 14, 2026, but sought leave to withdraw only twenty-four days later, on August 7, 2026. The Court subsequently addressed that situation in its August 27, 2026 Memorandum and Order.

The Court's August 27 Order is significant because it independently confirms that the circumstances surrounding SI03's representation were not ordinary. The Court held the August 7 motion to withdraw in abeyance and required SI03 to obtain substitute counsel. The Court further recognized that SI03, as a corporate entity, could not proceed without counsel. The Court did not, and SI03 does not contend that the Court did, relieve counsel of the obligation to act while the withdrawal motion remained pending. Rather, the Order confirms that SI03's representation was in an active and unusual transition requiring judicial intervention. Nor could SI03 cure that disruption by having an officer, employee, or other non-lawyer appear on its behalf.

Federal law does not permit a corporation to appear in federal court through a non-lawyer. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S.

194, 201–02 (1993); *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996). The Court's own August 27 Order likewise recognized that a corporate party must be represented by counsel.

The significance of that circumstance is not that counsel was somehow relieved of responsibility for the deadline. Rather, it is that SI03 was a corporate party in the midst of a documented transition in its legal representation and could not independently step in through a non-lawyer representative to cure the disruption. That circumstance is properly considered as part of the reason for the delay under Rule 6(b)(1)(B).

The Eighth Circuit has cautioned against reducing the excusable-neglect inquiry to a mechanical determination of fault. In *Chorosevic*, the Court explained that the Pioneer factors must be considered together and specifically rejected the argument that a party must first establish complete innocence before the Court may consider the other equitable factors. 600 F.3d at 946–48. Thus, even where the circumstances involve some degree of responsibility on the part of the party or its counsel, the Court must still consider prejudice, good faith, the length and effect of the delay, and the circumstances as a whole. Those considerations favor SI03.

## II. MARRON'S "YOUR LAWYER, YOUR FAULT" ARGUMENT DOES NOT RESOLVE THE RULE 6(b)(1)(B) INQUIRY.

Marron relies heavily on the general proposition that a litigant is ordinarily bound by the acts and omissions of its attorney. SI03 does not dispute that general principle. It does not, however, establish a categorical rule that attorney involvement automatically defeats a motion for relief under Rule 6(b)(1)(B).

Indeed, *Pioneer* itself involved an attorney's failure to meet a filing deadline. The Supreme Court nevertheless held that the neglect could be excusable after consideration of the circumstances as a whole. 507 U.S. at 395–97.

The Eighth Circuit likewise recognizes that the inquiry focuses on the nature of the neglect and the circumstances surrounding it. See *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). While the reason for the delay is an important factor, it is not the only factor. *Chorosevic*, 600 F.3d at 946–48.

Marron's formulation improperly collapses the multi-factor inquiry required by Rule 6(b)(1)(B) into a single question of attorney responsibility. The issue before the Court is not whether counsel remained technically responsible for the filing deadline. The issue is whether, considering the circumstances as a whole, the failure to meet this particular deadline constitutes excusable neglect. The relevant circumstances include:

1. SI03 was undergoing a documented transition in counsel;
2. the attorney who had most recently entered the case sought withdrawal only twenty-four days after entering an appearance;
3. the Court itself determined that withdrawal could not simply proceed because SI03, as a corporation, required counsel;
4. SI03 could not lawfully have substituted a non-lawyer officer or employee to represent it;
5. there is no evidence that SI03 deliberately elected not to respond;
6. there is no evidence that SI03 sought a tactical advantage by allowing the deadline to pass;
7. SI03 ultimately obtained substitute counsel and filed a substantive response; and

8. Marron has identified no concrete prejudice to its ability to litigate the Motion to Compel.

Taken together, those circumstances provide a substantial basis for finding excusable neglect.

## III. MARRON HAS NOT SHOWN BAD FAITH OR A TACTICAL DECISION TO FORGO A RESPONSE.

Marron repeatedly suggests that SI03's failure to meet the deadline may have been strategic. But suggestion is not evidence.

There is no evidence in the record that SI03 deliberately chose not to respond to the Motion to Compel in order to obtain a litigation advantage. To the contrary, SI03 has now filed the substantive Response that it seeks permission for the Court to consider.

That conduct is inconsistent with an intent to abandon the issue or obtain a tactical advantage through silence. SI03 is asking the Court to consider its position on the merits—not to use the missed deadline as a means of avoiding the discovery dispute.

This distinction is important under *Pioneer*. Good faith is an express consideration in determining whether neglect is excusable. 507 U.S. at 395; *Chorosevic*, 600 F.3d at 946–48.

Marron has not identified any communication, filing, or other evidence demonstrating bad faith. Nor has Marron identified any strategic benefit SI03 obtained from the delay. The Court should therefore evaluate the record that exists—not speculate about an improper motive that the record does not establish.

## IV. MARRON HAS NOT ESTABLISHED ACTUAL PREJUDICE FROM THE DELAY.

Marron's prejudice argument is similarly overstated. Marron asserts that the delay has burdened discovery, affected mediation, and required additional work. But ordinary litigation expense and the need to address an opposing party's filing do not establish the type of prejudice that warrants denying leave to file a substantive response. Marron has not identified:

- lost evidence;
- an unavailable witness;
- a diminished ability to respond to SI03's arguments;
- a lost substantive right;
- an inability to litigate the underlying discovery dispute; or
- any other concrete impairment caused by the approximately one-month delay between the response deadline and SI03's filing.

Most importantly, Marron remains fully capable of responding to SI03's substantive arguments concerning the Motion to Compel. The issues remain before the Court, the underlying discovery dispute remains capable of adjudication, and the Court can resolve the matter on a complete record.

That is precisely the type of circumstance in which the absence of prejudice weighs heavily in favor of allowing the late filing. In *Chorosevic*, the Eighth Circuit affirmed the district court's decision to allow a late filing where the opposing party had not suffered prejudice and there was no bad faith. 600 F.3d at 946–48.

Marron's asserted burden is therefore not equivalent to prejudice sufficient to foreclose SI03 from presenting its position on the merits.

## V. THE CASE SCHEDULE WAS ALREADY SUBJECT TO REVISION BEFORE SI03'S RESPONSE DEADLINE.

Marron also places substantial emphasis on the effect of SI03's filing on the existing case schedule. The record, however, does not support treating the August 18 deadline as an isolated event upon which the entire schedule depended.

On August 13, 2026—five days before SI03's response deadline—Marron itself filed its Motion to Vacate Case Management Order Deadlines and for Order to Show Cause. The Court subsequently granted Marron's request in substantial part and vacated the existing case-management deadlines and trial setting.

SI03 does not suggest that Marron's motion excuses SI03's failure to meet its own deadline. It does, however, demonstrate why Marron's characterization of the August 18 deadline as independently dispositive is misplaced.

The case schedule was already the subject of a pending request for modification before SI03's deadline expired. The Court ultimately determined that the existing deadlines were no longer feasible and vacated them. Accordingly, Marron cannot establish that allowing SI03's substantive response to be considered now will cause the type of irreparable disruption that would justify refusing leave.

Nor does the Court's August 27 observation that delays in the case had made the existing deadlines infeasible establish that SI03 deliberately failed to respond to the particular Motion to Compel at issue here. The Court's observation addressed the broader

feasibility of the case-management schedule; it did not find that SI03's failure to meet the August 18 deadline was tactical, in bad faith, or prejudicial to Marron. Those are separate inquiries under Rule 6(b)(1)(B), and the record does not establish any of them.

## VI. MARRON'S RELIANCE ON CASES INVOLVING INTENTIONAL OR PROLONGED NONCOMPLIANCE IS MISPLACED.

Marron relies upon cases emphasizing that the reason for a delay is an important factor in the excusable-neglect analysis. SI03 does not dispute that proposition. See *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003). But "*important*" does not mean "*dispositive.*" The Eighth Circuit has repeatedly applied the equitable framework established in *Pioneer*, under which the reason for the delay must be considered together with prejudice, length of delay, impact on the proceedings, and good faith. *Chorosevic*, 600 F.3d at 946–48.

For example, *United States v. Mink*, 107 F.4th 824, 828 (8th Cir. 2024), does not create a categorical rule barring relief whenever counsel is responsible for a missed deadline. The Eighth Circuit applied the Pioneer factors to the circumstances before it, which involved extraordinarily prolonged delay and conduct reflecting a disregard of the Court's procedures. The circumstances here are materially different.

This case involves a discrete filing deadline during an unusual counsel transition—not years of inaction, repeated disregard of court orders, or a deliberate litigation strategy.

Likewise, cases involving intentional delay, tactical decisions, repeated discovery violations, or prolonged failure to participate do not establish that SI03's conduct here was not excusable. Those circumstances are simply not present in this record.

Marron's authorities therefore do not justify converting the general principle of attorney responsibility into an automatic bar to relief. The Court should instead apply the equitable inquiry required by Rule 6(b)(1)(B) and *Pioneer*.

## VII. THE APPROPRIATE RESULT IS TO ALLOW THE COURT TO DECIDE THE DISCOVERY DISPUTE ON ITS MERITS.

The practical consequence of Marron's requested relief would be significant. Marron asks the Court, in effect, to disregard SI03's substantive response to a discovery motion because of a filing deadline missed during an unusual period of counsel transition. That result would not advance the merits of the discovery dispute.

SI03 has now presented its substantive position. Marron can respond. The Court can determine whether the discovery sought from Creative Compounds is appropriate based upon the parties' actual arguments and the governing rules.

Nothing about allowing SI03's response to be considered prevents the Court from enforcing its scheduling orders going forward. Nor does granting leave reward disregard of the Court's deadlines. It simply recognizes that the circumstances surrounding this particular missed deadline, considered under Rule 6(b)(1)(B), warrant relief.

The Eighth Circuit's decision in *Chorosevic* is instructive. The Court emphasized that excusable neglect is an equitable determination and affirmed relief where the late

filing resulted from neglect rather than bad faith and the opposing party suffered no prejudice. 600 F.3d at 946–48. Those considerations are present here.

SI03 did not choose to abandon its response. It did not obtain a tactical advantage from the delay. It did not cause the loss of evidence or impair Marron's ability to litigate the discovery dispute. And it has now supplied the Court with the substantive response necessary for the Court to resolve the matter. Under the circumstances, denying leave would elevate the procedural default over the merits without a corresponding showing of prejudice or bad faith.

## CONCLUSION

For these reasons, and for the reasons set forth in SI03's Motion for Leave, Plaintiff SI03, Inc. respectfully requests that the Court find that its failure to timely respond to Marron's Motion to Compel resulted from excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B), grant SI03 leave to file its Response out of time, and deem the Response filed as of September 17, 2026.

Respectfully submitted,

**RIEZMAN BERGER, P.C.**

_/s/ Pamela J. Meanes__________
Pamela J. Meanes, #47241
Bentley J. Bender, #59544
7700 Bonhomme Avenue, 7th Floor
Saint Louis, Missouri 63105
Phone: (314) 727-0101
Facsimile: (314) 727-6458
Email: ckramer@riezmanberger.com
pjm@riezmanberger.com
bender@riezmanberger.com

**Attorneys for Plaintiff/Counterclaim Defendant SI03, Inc.**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 9th day of October 2026, she served a true and correct copy of the foregoing document on all counsel of record, via the Court's electronic filing system.

_/s/ Pamela J. Meanes________